# UNITED STATES BANKRUTCY COURT DISTRICT OF MASSACHUSETTS
## (WORCESTER)

| | |
|---|---|
| In re:<br><br>Fernando A. Neiva,<br><br>    Debtor.<br>**********************************<br>Fernando A. Neiva,<br><br>    Plaintiff<br>v.<br>Loancare, LLC, Patriot Auctioneers, LLC, Sullivan & Sullivan Auctioneers, LLC, John Doe #1-#19 and David H. Wellons,<br><br>    Defendants. | Case No.: 23-40098 (EDK) (Related Bankruptcy Case) Chapter 13<br><br>Adversary Proceeding: 23-ap-04015 (EDK) |

## ANSWER OF DEFENDANT LOANCARE, LLC

Now comes the Defendant, Loancare, LLC ("Loancare"), in the above captioned matter, who, by and through their counsel, hereby responds to the complaint of Plaintiff, Fernando Neiva, as follows:

The introduction paragraphs contain legal conclusions to which no response is required. To the extent a response is required, admitted.

## JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

2. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

3. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## PARTIES

4. LoanCare admits Plaintiff is a natural person. LoanCare lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint regarding Plaintiff's current residence and therefore denies the same.

5. Admit.

6. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 6 of the Complaint as they refer to another party and, therefore, denies the same.

7. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 7 of the Complaint as they refer to another party and, therefore, denies the same.

8. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 8 of the Complaint as they refer to another party and, therefore, denies the same.

9. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 9 of the Complaint as they refer to another party and, therefore, denies the same.

10. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 10 of the Complaint as they refer to another party and, therefore, denies the same.

11. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 11 of the Complaint as they refer to another party and, therefore, denies the same.

12. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 12 of the Complaint as they refer to another party and, therefore, denies the same.

13. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 13 of the Complaint as they refer to another party and, therefore, denies the same.

## NATURE OF THE ACTION

14. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## FACTS

15. The allegations contained in Paragraph 15 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

16. The allegations contained in Paragraph 16 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

17. The allegations contained in Paragraph 17 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

18. The allegations contained in Paragraph 18 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

19. The allegations contained in Paragraph 19 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

20. The allegations contained in Paragraph 20 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

21. The allegations contained in Paragraph 21 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

22. The allegations contained in Paragraph 22 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

23. The allegations contained in Paragraph 23 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

24. The allegations contained in Paragraph 24 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

25. The allegations contained in Paragraph 25 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

26. The allegations contained in Paragraph 26 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

27. The allegations contained in Paragraph 27 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

28. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 28 of the Complaint and, therefore, denies the same.

29. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 29 of the Complaint and, therefore, denies the same.

30. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 30 of the Complaint and, therefore, denies the same.

31. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 31 of the Complaint and, therefore, denies the same.

32. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 32 of the Complaint and, therefore, denies the same.

33. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 33 of the Complaint and, therefore, denies the same.

34. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 34 of the Complaint and, therefore, denies the same.

35. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 35 of the Complaint and, therefore, denies the same.

36. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 36 of the Complaint and, therefore, denies the same.

37. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 37 of the Complaint and in Plaintiff's Schedule C referenced therein and, therefore, denies the same.

38. The allegations contained in Paragraph 38 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

39. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 39 of the Complaint and, therefore, denies the same.

40. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 40 of the Complaint and, therefore, denies the same. This paragraph also contains a legal conclusion to which no response is required. To the extent a response is required, denied.

41. The allegations contained in Paragraph 41 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

42. LoanCare is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 42 of the Complaint and, therefore, denies the same.

43. The allegations contained in Paragraph 43 of the Complaint refer to documents in the public record which speak for themselves. To the extent the allegations are contrary to the documents to which they refer, they are denied.

44. Admit

## COUNT I

45. Paragraph 45 is a recitation of the preceding paragraphs and therefore no response is necessary. To the extent a response is needed, denied.

46. Denied

47. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

48. Admit

49. Denied

50. Denied

51. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

52. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

53. Admit

54. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied.

## COUNT II

55. Paragraph 55 is a recitation of the preceding paragraphs so no response is necessary. To the extent a response is needed, denied.

56. Denied

57. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

58. This paragraph, including its footnote, contains legal conclusions to which no response is required. To the extent a response is required, denied.

59. This paragraph, including its footnote, contains legal conclusions to which no response is required. To the extent a response is required, denied.

60. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

61. Denied

62. Denied

63. Denied

64. Denied

65. Denied

66. Paragraph 66 contains a legal conclusion to which no response is needed. To the extent a response is needed, denied.

## COUNT III

67. Paragraph 67 is a recitation of the preceding paragraphs to which no response is needed. To the extent that a response is needed, denied.

68. Paragraph 68, including its footnotes, contains legal conclusions to which no response is needed. To the extent a response is needed, denied.

69. Paragraph 69, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied.

70. Paragraph 70, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied.

71. Paragraph 71 contains a legal conclusion to which no response is needed. To the extent a response is needed, denied.

72. Denied

73. Paragraph 73, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied.

74. Paragraph 74 contains a legal conclusion to which no response is needed. To the extent a response is needed, denied.

75. Paragraph 75 contains a legal conclusion to which no response is needed. To the extent a response is needed, denied.

76. Denied

77. Denied

78. Denied

79. Denied

80. Paragraph 80 contains a legal conclusion to which no response is needed. To the extent a response is needed, and as to all factual allegations contained in Paragraph 80, denied.

## COUNT IV

81. Paragraph 81 is a recitation of the preceding paragraphs to which no response is needed. To the extent that a response is needed, denied.

82. Paragraph 82 contains a legal conclusion to which no response is needed. To the extent a response is needed, denied.

83. Denied

84. Paragraph 84 contains a legal conclusion to which no response is needed. To the extent a response is needed, denied

85. Paragraph 85, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied

86. Paragraph 86, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied

87. Paragraph 87, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied.

88. Paragraph 88 contains a legal conclusion to which no response is needed. To the extent a response is needed, denied

89. Paragraph 89 contains a legal conclusion to which no response is needed. To the extent a response is needed, denied

90. Paragraph 90, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied

91. Paragraph 91 contains a legal conclusion to which no response is needed. To the extent a response is needed, denied

92. Denied

93. Denied

94. Denied

95. Denied

96. Denied

## COUNT V

97. Paragraph 97 is a recitation of the preceding paragraphs so no response is necessary. To the extent a response is needed, denied.

98. Paragraph 98, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied.

99. Paragraph 99, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied.

100. Paragraph 100, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied.

101. Paragraph 101, including its footnote, contains legal conclusions to which no response is needed. To the extent a response is needed, denied.

102. Denied

103. Denied

104. Denied

105. Denied

106. Denied

## COUNT VI

107. Paragraph 107 is a recitation of the preceding paragraphs so no response is necessary. To the extent a response is needed, denied.

108. Denied

109. Denied

## COUNT VII

Dismissed

## COUNT VIII

Dismissed

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by Good Faith Pursuant to §§548(c) and 550(b).

3. Plaintiff's claims are barred by Fraud/Misrepresentation

4. Plaintiff's claimed are barred by other parties proportionate responsibility.

5. Defendant reserves the right to plead such other defenses and/or affirmative defenses which may become apparent and applicable during the pendency of this lawsuit.

## Prayer for Relief

WHEREFORE, Loancare requests:

1. That Plaintiffs' Complaint be dismissed on all counts, or in the alternative, judgment should enter in favor of Loancare, and,

2. Any further relief the Court deems just and proper.

Respectfully submitted,
Loancare, LLC,
By and through its Attorneys,

Date: August 29, 2023

/s/ Jennifer L. Joubert
Jennifer L. Joubert, Esq. (BBO#671032)
Marinosci Law Group, P.C.
275 West Natick Road, Ste. 500
Warwick, RI 02861
Telephone: (401) 234-9200
jjoubert@mlg-defaultlaw.com.
bkinquiries@mlg-defaultlaw.com

# UNITED STATES BANKRUTCY COURT
# DISTRICT OF MASSACHUSETTS (WORCESTER)

|  |  |
|---|---|
| In re:<br><br>Fernando A. Neiva,<br><br>      Debtor.<br>**********************************<br>Fernando A. Neiva,<br><br>      Plaintiff<br>v.<br>Loancare, LLC, Patriot Auctioneers, LLC, Sullivan & Sullivan Auctioneers, LLC, John Doe #1-#19 and David H. Wellons,<br><br>      Defendants. | Case No.: 23-40098 (EDK) (Related Bankruptcy Case)<br>Chapter 13<br><br>Adversary Proceeding: 23-ap-04015 (EDK) |

## CERTIFICATE OF SERVICE

I, Jennifer L. Joubert, of Marinosci Law Group, P.C., do hereby certify that on August 29, 2023, I served a copy of *Answer of Defendant* on the attached service list by mailing a copy of same by first class mail, postage prepaid or other method specified on service list.

Signed this 29th day of August, 2023.

/s/ Jennifer L. Joubert
Jennifer L. Joubert, Esq. BBO#671032
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02861
Telephone: (401) 234-9200
jjoubert@mlg-defaultlaw.com
bkinquiries@mlg-defaultlaw.com

**VIA ECF**
Richard S. Ravosa, Esq., and Matthew M. Hamel, Esq., on behalf of Plaintiff/Debtor
Barry Bachrach, Esq., on behalf of David H. Wellons

**VIA MAIL**
Fernando A. Neiva, 45 Liberty St., Marlborough, MA 01752
David H. Wellons, 46 Durant Ave, Maynard, MA 01754, Defendant