UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: | CHAPTER 13 |
| | CASE NO. 23-40098-EDK |
| FERNANDO A. NEIVA, | |
|        Debtor | |
| | |
| FERNANDO A. NEIVA, | |
|        Plaintiff | |
| v. | ADV. PROC.NO.23-04015 |
| LOANCARE, LLC, PATRIOT AUCTIONEERS, LLC, SULLIVAN & SULLIVAN AUCTIONEERS, LLC, DAVID H. WELLONS, AND JOHN DOES #1-#19 | |
|        Defendants. | |

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS LOANCARE, LLC, AND DAVID WELLONS**

Defendants Loancare, LLC and David Wellons ("Defendants") submit this reply brief in support of their joint motion for summary judgment and to summarize why this Court should dismiss the Complaint of Plaintiff Fernando Neiva ("Plaintiff").

**ARGUMENT**

**Plaintiff's Complaint Should Be Dismissed Because The Foreclosed Property Was Not Part Of The Debtor's Estate Under 11 U.S.C. §1322**

To avoid the foreclosure sale under 11 U.S.C. § 522(h), Plaintiff must establish that the Property at issue is property of the bankruptcy estate, since only property of the estate can be exempted by a debtor.[1] "Property of the bankruptcy estate includes all legal and equitable interests

---

[1] 11 U.S.C. §522(h) provides that a "debtor may avoid a transfer of property of the debtor … to

of the debtor in property as of the commencement of the case …." US Bank v. Vertullo, 610 B.R. 399, _(B.A.P. 1st Cir. 2020), citing 11 U.S.C. § 541(a)(1). "Statutory or equitable rights of redemption are included in the concept of property of the estate under § 541." Vertullo, 610 B.R. at 399.

At issue here is whether Plaintiff's equitable right of redemption was part of the bankruptcy estate when commenced. 11 U.S.C. § 1322(c) specifically addresses when an equitable right of redemption, or right to cure, becomes property of the estate. Enacted in 1994, Section 1322(c)(1) allows a debtor to cure his or her default under a home mortgage under the following narrow circumstances: "a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured … until such residence is sold at a foreclosure sale that is conducted in accordance with applicable non-bankruptcy law." (Emphasis added.)

Courts disagree over the meaning of that highlighted phrase above. However, as explained below, the debtor's right to cure, also known as the equitable right of redemption, in this case was extinguished as of the foreclosure sale, regardless of which interpretation of Section 1322 (c) this Court adopts.

Most recently, in Vertullo, the Bankruptcy Appellate Panel for the First Circuit addressed application of that section and reaffirmed its earlier decision in In re Lapointe, 505 B.R. 589 (B.A.P. 1st Cir. 2014). In doing so, the Court applied the majority rule that a foreclosure sale that complies with state law extinguishes the debtor's right to cure (the equitable right of redemption).[2]

---

the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer…." In turn, section (g)(1) provides "the debtor may exempt under subsection (b) of this section property that the trustee recovers" under specified sections. Finally, section (b) provides that the debtor may exempt certain listed properties "from property of the estate."

[2] The Vertullo Court also recognized that LaPointe was consistent with decisions of the Third Circuit and Seventh Circuit, as well as "numerous district cours and bankruptcy courts (including the bankruptcy courts for the districts of Massachusetts, Rhode Island and Maine…," have adopted

The <u>Vertullo</u> Court reasoned that Section 1322 (c)(1) is unambiguous, and that its plain language "is most logically read in two parts, so that the debtor's right to cure ends '[1] when the residence is sold at a foreclosure sale [2] that is conducted in accordance with applicable non-bankruptcy law." 610 B.R. at 410_, <u>quoting</u> <u>In re Crawford</u>, 232 B.R. 92, 96 (Bankr. N.D. Ohio 1999). After reviewing cases highlighting the majority position, the <u>Vertullo</u> Court concluded that "a debtor's interest in foreclosed property and, hence [the] right to cure, ends when the gavel falls." 610 B.R. at 407.

Thus, under the majority view, Plaintiff's equitable right of redemption was extinguished when the gavel fell at the foreclosure sale, and, therefore, the foreclosed property was not part of tthe estate when Plaintiff commenced bankruptcy. Notwithstanding that rule, Plaintiff's equitable right of redemption would have been extinguished even if this Court disagrees with <u>Vertullo</u> and adopts the minority position that the language at issue is ambiguous.

Under the minority rule, as exemplified in <u>In re Beeman</u>, 235 B.R. 519 (D.N.H. 1999), and the lower court decision in <u>Vertullo</u>, 593 B,R. 92 (D.N.H. 1999), the equitable right of redemption is extinguished when the foreclosure sale is complete under state law. Applying New Hampshire law in those cases, the Court concluded that the foreclosure sale is not completed until the recording of a deed, and that the debtor retains rights in the foreclosed property until that time.

In contrast to those case, this Court would apply Massachusetts law. The case of <u>In re Giacchetti</u>, 584 B.R. 441, 447-8 (Bankr. D. Mass. 2018), the very case relied upon by Plaintiff in this case, set forth in footnote 5 of its decision Massachusetts law on this issue:

> Massachusetts subscribes to the title theory of mortgages, meaning that the grant of a mortgage transfers the *legal* title to the property to the mortgagee, while the mortgagor retains the *equitable* title. *Vee Jay Realty Trust Co. v. DiCroce*, 360 Mass. 751, 753, 277 N.E.2d 690 (1972). Inherent in the mortgagor's equitable title is the right to recover the legal title from the mortgagee upon payment in full of the

---

the "gavel rule." 610 B.R. at 407.

> mortgage debt. *Carpenter v. Suffolk Franklin Sav.*, 362 Mass. 770, 776, 291 N.E.2d 609 (1973). This is the so-called equity of redemption. *Id.* Under Massachusetts law this equity of redemption is an interest in property that can be assigned, conveyed and levied upon. *Weiss v. U.S. Bank, N.A. (In re Mularski)*, 565 B.R. 203, 207 (Bankr. D. Mass. 2017) (citing *White v. Whitney*, 44 Mass. 81, 84 (1841) ; *Drinan v. Nichols*, 115 Mass. 353, 356 (1874) ; *Bigelow v. Willson*, 18 Mass. 485, 500 (1823) ; *Fales v. Glass*, 9 Mass. App. Ct. 570, 402 N.E.2d 1100, 1103 (1980) ). <u>A foreclosure by power of sale terminates ("forecloses") the mortgagor's equity of redemption as soon as the memorandum of sale is executed</u>. *Williams v. Resolution GGF OY,* 417 Mass. 377, 384, 630 N.E.2d 581 (1994). The rights of innocent third parties, however, may not be fully cut off until a foreclosure deed is recorded. *Mularski* , 565 B.R. at 207 ; *Richardson v. Lee Realty Corp.* , 364 Mass. 632, 635, 307 N.E.2d 570 (1974).

584 B.R. at 449 n.5.  (Emphasis added.)  As such, under Massachusetts law, the equitable right of redemption would be extinguished when memorandum of sale was executed, in this case on the same day as the foreclosure sale.  Thus, applying the minority rule to this case would result in Plaintiff having no rights in the foreclosed property when he filed for bankruptcy.

Plaintiff ignored Section 1322(c) if the Bankruptcy Code which establishes when the equitable right of redemption is expunged.   Instead, Plaintiff assumed that he could "exempt" the property and proceed under Section 522(h) to avoid the foreclosure sale. The fatal flaw in Plaintiff's argument is that Plaintiff's equitable right to redeem the property could not be exempt because it was not property of the estate.   The right to cure (the equitable right of redemption) was expunged under the majority rule when the gavel fell on the foreclosure sale, and, in the case of the minority rule, when the memorandum of sale was executed on the same day as the foreclosure sale.

If the Court were to subscribe to the Plaintiff's rationale, every single Debtor could avoid their foreclosure sale before a foreclosure deed was recorded. The State Law and the Caselaw Defendants rely on specifically state, "[T]he mortgagor does not have a right of redemption after foreclosure…. Even though legal title does not pass until the deed has been recorded…, this rule

does not change the fact that the debtor possessed neither a legal nor an equitable interest in the property once the auctioneer's hammer fell and the memorandum of sale was signed." Vertullo. 610 B.R.399. As noted above, Massachusetts Law specifically states that the equitable right of redemption expires at the signing of the memorandum of sale, and the First Circuit Bankruptcy Appellate Panel indicates the falling of the gavel terminates that right. The caselaw previously cited specifically states that 522(h) is for very limited circumstances and not to benefit the Debtor but the Creditors.

Additionally, the caselaw the Debtor is relying on, specifically In re Giacchetti, was decided by the Bankruptcy District Court in Massachusetts in 2018. In In re Vetrullo was decided by the First Circuit Bankruptcy Appellate Panel in 2020 which was after the Plaintiff's case. Moreover, the Giacchetti Court did not address Section 1322(c) or whether such right was part of that bankruptcy estate. Rather, the Court solely addressed whether the debtor had standing.

In sum, whether this Court applies the "gavel rule" under Section 1322 (c) or Massachusetts law under that statutory provision, the result is the same. The foreclosed property was not property of the estate. Hence, Plaintiff could not have exempted the property which is a sine qua non as to whether Plaintiff could proceed to try to avoid the foreclosed property under Section 522(h).

## CONCLUSION

For the above reasons and those set forth in Defendants other briefs, this Court should grant Defendants' Motion for summary judgment, deny Plaintiff's Motion for summary judgment and dismiss Plaintiff's Complaint.

Date: December 4, 2023

David H. Wellons,
By and through this Attorney,

/s/ Barry A. Bachrach
Barry A. Bachrach BBO#025490
Bachrach & Bachrach, PC
51 Union Street, Suite 202
Worcester, MA 01608
508-592-1533
Bbachrach@bachrachandbachrach.com

Respectfully submitted,
LoanCare, LLC,
By and through its Attorneys,

/s/ Jennifer L. Joubert
Jennifer L. Joubert, Esq.  (BBO#671032)
Marinosci Law Group, P.C.
275 West Natick Road, Ste. 500
Warwick, RI 02861
Telephone: (401) 234-9200
jjoubert@mlg-defaultlaw.com.
bkinquiries@mlg-defaultlaw.com

**UNITED STATES BANKRUTCY COURT DISTRICT OF MASSACHUSETTS**
**(WORCESTER)**

| | |
|---|---|
| In re:<br><br>Fernando A. Neiva,<br><br>    Debtor.<br>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*<br>Fernando A. Neiva,<br><br>    Plaintiff<br>v.<br>LoanCare, LLC, Patriot Auctioneers, LLC, Sullivan & Sullivan Auctioneers, LLC and John Doe #1-#20<br><br>    Defendants. | Case No. 23-04015 (EDK) (Related Bankruptcy Case)<br>Chapter.: 13<br><br>Adversary Proceeding: 23-04015 (EDK) |

**CERTIFICATE OF SERVICE**

    I, Jennifer L. Joubert, of Marinosci Law Group, P.C., do hereby certify that on December 4, 2023, I served a copy of Defendant's Reply Memorandum to Plaintiff's Motion for Summary Judgment on the attached service list by mailing a copy of same by first class mail, postage prepaid or other method specified on service list.

Signed this 4th day of December, 2023.

                                        /s/ Jennifer L. Joubert
                                        Jennifer L. Joubert, Esq. BBO#671032
                                        Marinosci Law Group, P.C.
                                        275 West Natick Road, Suite 500
                                        Warwick, RI 02861
                                        Telephone: (401) 234-9200
                                        jjoubert@mlg-defaultlaw.com
                                        bkinquiries@mlg-defaultlaw.com

**VIA ECF**
Richard S. Ravosa, Esq., on behalf of Plaintiff/Debtor
Matthew M. Hamel, Esq., on behalf of Plaintiff/Debtor
Barry Backrach, Esq., on behalf of David H. Wellons

**VIA MAIL**
Fernando A. Neiva, 45 Liberty St., Marlborough, MA 01752
David H. Wellons, 46 Durant Avenue, Maynard, MA 01754